NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 10 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARLES W. WEBER, | No. 16-35016 |
| Petitioner-Appellant, | D.C. No. 2:08-cv-01676-RSL |
| v. | |
| STEPHEN SINCLAIR, | MEMORANDUM * |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted March 8, 2017**
Seattle, Washington

Before: GRABER, IKUTA, and HURWITZ, Circuit Judges.

Charles Weber filed a 28 U.S.C. § 2254 habeas petition challenging his Washington convictions for assault and unlawful possession of a firearm. The district court noted that the ineffective assistance claim in Ground Five was procedurally defaulted because Weber raised it for the first time in his untimely

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

second personal restraint petition. The court held, however, that Weber had demonstrated "cause and prejudice" under *Martinez v. Ryan*, 566 U.S. 1 (2012), excusing the default. Therefore, we review this claim de novo. The district court denied Weber's petition after conducting an evidentiary hearing on his claim of ineffective assistance of trial counsel. Because the district court granted a certificate of appealability with respect to that claim, we have jurisdiction pursuant to 28 U.S.C. § 2253(c). We affirm.

1. The district court did not err in finding that counsel's pretrial failure to pin Weber down to a specific version of events was a reasonable strategic choice that did not fall below an "objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

2. The district court also did not err in concluding that trial counsel was not constitutionally ineffective because he failed to interview two potential alibi witnesses before trial. Counsel made reasonable efforts to locate one witness. Counsel had no reason before trial to search for the other, as there was no prior indication that he had witnessed the crime.

3. The district court did not err in finding that counsel's investigation of the victim's statement that the perpetrator had a shaved head was not constitutionally ineffective. The police report listed the suspect's hair as brown, and the court found

credible counsel's testimony that he "did not see a significant distinction between a 'shaved head' and a 'short to very short' hairstyle."

4. Even assuming that trial counsel's performance was deficient in failing to investigate certain physical evidence, the district court did not err in concluding that Weber failed to demonstrate "a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Strickland*, 466 U.S. at 695.

5. Similarly, even assuming that counsel's performance was defective in failing to investigate the prevalence of a tattoo the victim claimed was worn by the perpetrator and the Guero Loco nickname, the district court did not err in concluding that no prejudice had been established. The victim twice identified Weber as the perpetrator without looking at the tattoo.

6. Nor was trial counsel ineffective for presenting an opening statement without clearly presenting a "misidentification/alibi defense." At the time of the opening statement, counsel reasonably feared that the alibi witness might refuse to testify. The record contradicts Weber's argument that counsel failed to urge an alibi defense in closing. As the district court found, counsel "discussed the alibi defense at some length."

7. Weber's claim that counsel fell below the constitutional minimum in his cross-examination of police officers and the victim was also correctly rejected by

3

the district court.  The record reflects a competent cross-examination of the officers and the victim.

8.  Weber's argument that counsel should have called two alleged alibi witnesses who submitted post-trial declarations also fails.  The district court reasonably found that counsel had no reason at the time of trial to believe that either had witnessed the crime.

9.  Weber's argument that counsel prevented him from testifying was correctly rejected by the district court.  Both Weber and counsel testified that, although counsel advised Weber not to testify, he did not prevent Weber from doing so.

10.  Weber next argues that counsel was constitutionally ineffective because he failed to argue that Weber could not have been at the scene when the shooting occurred.  But, as the district court found, counsel in fact made this argument.

11.  Weber argues that counsel should have introduced evidence that he was right-handed, to counter testimony that the shooter was left-handed.  But the testimony at issue was that the shooter fired the gun with both hands.

12.  Finally, Weber argues that counsel was ineffective for failing to object to misconduct by the prosecutor and contends that "this failure must be considered by this Court when it considers whether cumulatively trial counsel was ineffective." The district court did not err in holding that this claim fails to satisfy the requirements

4

of *Martinez* and cannot be reviewed as a stand-alone issue.  Moreover, the district court did not err in concluding that even when all the alleged errors of counsel, including this one, are considered cumulatively, they do not constitute ineffective assistance of counsel.

**AFFIRMED.**